**E-FILED**
Thursday, 02 February, 2012 03:38:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-30072 |
| | ) | |
| CARLLOWS BATTLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Carllows Battle's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion"). See d/e 32. Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion is DISMISSED for lack of subject matter jurisdiction.

## FACTS

In September 2009, Defendant pleaded guilty to possession with intent to distribute cocaine base (crack) (Count 1), possession with

intent to distribute cocaine (Count 2), and felon in possession of a firearm (Count 3). See 21 U.S.C. § 841(a)(1); 18 U.S.C. 922(g)(1). At Defendant's February 2010 sentencing hearing, the Court sentenced Defendant as a career offender. After a three-level reduction for acceptance of responsibility, Defendant had an offense level of 31 and a criminal history category of VI, resulting in a guideline range of 188 to 235 months' imprisonment on Counts 1 and 2. Because Count 3 was subject to a statutory maximum of 10 years, the guideline range for Count 3 was 120 months. The Court departed downward and sentenced Defendant to 160 months' imprisonment on Counts 1 and 2 and 120 months on Count 3, all to run concurrently.

In November 2011, Defendant filed the Motion at issue herein. See d/e 32. Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On December 19, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. See d/e 33. Hawley concluded Defendant was ineligible for a reduced sentence

pursuant to the retroactive amendment to the crack cocaine guidelines because Defendant was sentenced as a career offender. On December 20, 2011, this Court granted Hawley leave to withdraw and granted Defendant additional time to supplement his motion or file a new motion for a reduced sentence. Defendant has not done so.

## ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy

the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based–the career offender guideline–was not subsequently lowered by the Sentencing Commission.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D. Va. 2011).

In this case, however, Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding

that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 32) is DISMISSED for lack of subject-matter jurisdiction.

ENTERED: February 2, 2012

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE